IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| KEVIN BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-050 |
| | ) | |
| WARDEN BRIAN ADAMS; MR. MCFARLEN; MS. WILLESHA WARREN; MS. JERALD; SGT. ROACH; CO II LUPO; SMITH STATE MEDICAL UNIT; MEDICAL DEPARTMENT; and NURSE PHILLIPS, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 42.) The Magistrate Judge recommended Defendants McFarlen, Warren, Jerald, Lupo, Smith State Medical Unit, and Medical Department be dismissed for failure to state a claim upon which relief may be granted. (See doc. no. 19.) Plaintiff objects to dismissing the individual defendants, and in so doing asserts new factual allegations. (See doc. no. 42.)

While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to a Report and Recommendation, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (concluding district judge has broad discretion in considering argument not

presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court declines to consider Plaintiff's new allegations. His objections are unavailing, and these Defendants should be dismissed.

After the Report and Recommendation issued, Plaintiff submitted a second motion for entry of default, dated January 31, 2025, repeating the arguments raised in his first such motion, which the Magistrate Judge recommended be denied. (Doc. no. 22.) For the reasons explained by the Magistrate Judge, the Court **DENIES** the second motion for entry of default. (Doc. no. 22.)

Additionally, Defendant Phillips, a former Wellpath employee, filed a Suggestion of Bankruptcy on April 18, 2025, concerning Wellpath's ongoing bankruptcy proceedings. (See doc. no. 39.) The stay in that bankruptcy expired April 30, 2025. (See id. at 3 ("[T]he Lawsuits are stayed until the *earlier* of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) *April 30, 2025*." (emphasis added)).) The Court **ORDERS** Defendant Phillips to answer, move, or otherwise respond to Plaintiff's complaint by May 29, 2025.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Defendants McFarlen, Warren, Jerald, Lupo, Smith State Medical Unit, and Medical Department for failure to state a claim upon which relief may be granted. The Court further **DISMISSES** all official capacity claims for monetary damages. Finally, the Court **DENIES** Plaintiff's motion for entry of default, (doc. no. 15), and **DENIES** as premature Plaintiff's motion for summary judgment, (doc. no. 16). Plaintiff's additional motion for entry of default is **DENIED**. (Doc.

2

no. 22.) This case shall proceed against Defendants Adams, Roach, and Phillips as described in the Magistrate Judge's March 7, 2025 Order.

SO ORDERED this 15th day of May, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA