IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| KEVIN BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-050 |
| | ) | |
| BRIAN ADAMS, Warden; SCOTTIE ROACH; Sgt.; and KIMBERLY PHILLIPS ADDIS, Nurse, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendant Phillips Addis moves to stay discovery pending resolution of her motion to dismiss. (Doc. no. 94-2.) Plaintiff opposes the stay. (Doc. no. 96.) For the reasons set forth below, the Court **GRANTS** Defendant Phillips Addis's request. (Doc. no. 94-2.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at Defendant Phillips Addis's motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion requests dismissal of all claims against Defendant Phillips Addis based on Plaintiff's alleged failure to opt-out of a third-party release in related bankruptcy proceedings against Defendant Phillips Addis's former employer. (See doc. no. 94-1.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** discovery in this action pending resolution of Defendant Phillips Addis's motion to dismiss. (Doc. no. 94-2.) After resolution of Defendant Phillips Addis's motion to dismiss, the Court will reset case deadlines as necessary. Finally, because discovery is stayed, Plaintiff's motion to compel is **DENIED** as **MOOT**. (Doc. no. 95.)

SO ORDERED this 22nd day of September, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA