IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| KEVIN BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 624-050 |
| | ) |
| BRIAN ADAMS, Warden; SCOTTIE ROACH, Sgt.; and KIMBERLY PHILLIPS ADDIS, Nurse, | ) ) ) |
| | ) |
| Defendants. | ) |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
___

Plaintiff, proceeding *pro se,* brings this civil action under 42 U.S.C. § 1983 against Defendants Adams, Roach and Phillips Addis (hereinafter "Defendant Phillips") for medical deliberate indifference. Currently before the Court are Plaintiff's motion[1] for entry of default, (doc. no. 65), and two motions to dismiss filed by Defendant Phillips, one for failure to state a claim, (doc. no. 58), and the other based on the release of claims pursuant to a bankruptcy plan confirmed by the United States Bankruptcy Court for the Southern District of Texas concerning Defendant Phillips' former employer, Wellpath, (doc. no. 94). For the reasons described below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for entry of

___

[1] The Court acknowledges Plaintiff titled his filing "Declaration for Entry of Default." (See doc. no. 65, p. 1.) However, liberally construing Plaintiff's filing, the Court finds it is appropriately construed as a motion for entry of default. Plaintiff is advised that "if a litigant seeks judicial action of any sort . . . it must be contained within a motion arising from a properly filed lawsuit." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000).

default be **DENIED**, (doc. no. 65), Defendant Phillips' motion to strike be **DENIED**, (doc. no. 106), Defendant Phillip's motions to dismiss be **GRANTED**, (doc. nos. 58, 94), and Defendant Phillips be **DISMISSED** from this civil action.

**I.     PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Plaintiff moves for entry of default against Defendants, arguing they failed to respond to Plaintiff's complaint within sixty days of being served by the U.S. Marshals with copies of a summons and complaint. (Doc. no. 65; see also doc. nos. 27, 33, 41.) Under Fed. R. Civ. P. 55(a), a party is entitled to entry of default when it has shown an adverse party has failed to plead or otherwise defend against a complaint through affidavit or otherwise.

Regarding Defendants Adams and Roach, entry of default is not warranted because their deadlines to respond to Plaintiff's complaint had not passed when Plaintiff filed his motion. On March 12, 2025, the United States Marshal requested Defendants Adam and Roach waive formal service of summons. (See doc. nos. 27, 33.) On April 7, 2025, defense counsel for Defendant Adams executed his waiver of service, (doc. no. 27), and on April 14, 2025, defense counsel for Defendant Roach executed his waiver of service, (doc. no. 33). As the Court explained in its March 7, 2025 Order, a defendant who waives formal service of summons does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. (Doc. no. 21, p. 4 (citing Fed. R. Civ. P. 4(d)(3)).) Defendants Adams and Roach responded to Plaintiff's complaint on May 7, 2025, which is within the sixty-day period. (Doc. nos. 43, 44.) Accordingly, entry of default against Defendants Adams and Roach is not appropriate because they have not failed to plead or otherwise defend against Plaintiff's complaint as required by Fed. R. Civ. P. 55(a).

Regarding Defendant Phillips, entry of default is also unwarranted. On March 12, 2025,

the United States Marshal requested Defendant Phillips waive formal service. (See doc. no. 41.) Defendant Phillips executed her waiver of service on April 7, 2025. (Id.) On April 18, 2025, Defendant Phillips filed a suggestion of bankruptcy, (doc. no. 39), to which she attached the Bankruptcy Court's Final Order staying all claims against current or former Wellpath employees until April 30, 2025, at the latest, (doc. no. 39-1, p. 3). On May 15, 2025, the Court ordered Defendant Phillips to answer, move, or otherwise respond to Plaintiff's complaint by May 29, 2025. (Doc. no. 46, p. 2.) On May 29, 2025, Defendant Phillips timely filed a motion to dismiss. (Doc. no. 58.)

Accordingly, because Defendant Phillips did not fail to plead or otherwise defend against Plaintiff's complaint as required by Fed. R. Civ. P. 55(a), entry of default against her is likewise unwarranted. The Court set Plaintiff's answer deadline after the Wellpath bankruptcy stay expired on May 15, 2025, (doc. no. 46, p. 2), but Plaintiff did not execute his motion for entry of default until May 19, 2025, (doc. no. 65, p. 1). Defendant Phillips timely filed a motion to dismiss in accordance with the May 19th deadline, and thus entry of default is not appropriate. Nonetheless, to the extent Defendant Phillips was in technical default for any period of time between April 30, 2025, and May 15, 2025, the Court finds good cause to set aside default. See Fed. R. Civ. P. 55(c). Defendant Phillips timely responded to the Court's reset deadline and has been fully engaged and responsive in this action. Thus, there has been no prejudice to Plaintiff, and, as explained in Section II *infra*, the Court concludes Defendant Phillips presents meritorious defenses to Plaintiff's claims.

For these reasons, Plaintiff's motion for entry should be **DENIED**. (Doc. no. 65.)

**II.    DISMISSAL OF DEFENDANT PHILLIPS IS NECESSARY BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AGAINST HER AND FAILED TO OPT OUT OF THE WELLPATH BANKRUPTCY'S THIRD-PARTY RELEASE**

Defendant Phillips initially moved to dismiss Plaintiff's medical deliberate indifference claim for failure to state a claim upon which relief may be granted.  (Doc. no. 58.)  Thereafter, following the conclusion of proceedings in the United States Bankruptcy Court for the Southern District of Texas, she filed a second motion to dismiss based on Plaintiff's failure to opt out of the Third-Party Release set forth in the Bankruptcy Court's Plan and Confirmation Order.  (Doc. no. 94.)  For the reasons explained below, the Court concludes Plaintiff's motion to dismiss for failure to state a claim should be **GRANTED**, (doc. no. 58), but even if Plaintiff states a claim, her motion to dismiss based on the Wellpath bankruptcy proceedings should be **GRANTED**, (doc. no. 94).

      A.    **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

           1.    **Background**

Taking all allegations of the complaint as true, as the Court must when considering a motion to dismiss, and drawing all reasonable inferences in Plaintiff's favor, the facts are as follows.  On August 28, 2022, while housed in K1 dormitory, approximately half a dozen gang members abused Plaintiff physically and sexually for at least eight hours.  (Doc. no. 1, p. 7.)  On the night of the attack, "[t]here was absolutely no officer/staff member working, patrolling, or assigned to K-Building."  (Id. at 8.)  Two unidentified people called 911 from the prison during the assault to "report[] that[] a prisoner's life was in grave danger."  (Id.)  Thereafter, "outside authorities" notified CO II Lupo of the assault, leading CO II Lupo to retrieve a "bloody and exceedingly bruised" Plaintiff from his cell in K1 dormitory and escort him to the medical unit.  (Id.)

In the medical unit, Plaintiff and CO II Lupo were met by Defendant Roach, the supervising officer, and Defendant Phillips, the nurse on staff. (Id.) Shortly thereafter, Defendant Warden Adams appeared and ordered all medical staff present to stop providing medical assistance to Plaintiff because Defendant Adams was angry someone had called 911. (Id. at 8-9.) Defendant Adams also ordered CO II Lupo and Defendant Roach to "totally disregard any/all incident reports, medical reports, and/or medical checkups or physicals." (Id.) Plaintiff protested Defendant Adams' orders and asked to be seen by a medical professional "due to the fact and severity of [his] wounds." (Id. at 9.) Plaintiff further informed Defendant Adams that in addition to his physical assault, he had been sexually assaulted and needed a rape kit and "prea statement." (Id.) Undeterred, Defendant Adams denied Plaintiff "of all [procedures]" and ordered Defendant Roach to "find this rat an empty cell in the hole, and put his black ass on 72 hours strip cell. No property. No mail. No nothing – period – but a paper gown. Per me, Warden Brian Adams, until further notice." (Id.) Defendant Roach complied in all respects. (Id.)

For relief, Plaintiff seeks monetary damages, court costs, mental health counseling, and medical treatment. (Id. at 10.) He also seeks an order requiring regular patrols of the dormitories and housing units, installation of metal detectors, routine discipline of officers who violate prison regulations, and adequate medical and mental health programs. (Id.)

On May 29, 2025, Defendant Phillips filed a motion to dismiss. (See generally doc. no. 58.) In support, Defendant Phillips argues Plaintiff fails to state a claim against her for medical deliberate indifference because the factual allegations contained in the complaint fail to show she deliberately disregarded Plaintiff's serious medical needs. (Id. at 8-9.) She contends the complaint "is silent" regarding any action she allegedly took or failed to take, and it does not connect her to

5

any facts establishing the subjective element of a medical deliberate indifference claim.[2] (Id. at 9.) Plaintiff responded in opposition, arguing his injuries were so obvious Defendant Phillips should have known he needed medical attention, yet she failed to respond to his medical needs. (Doc. no. 68, pp. 4, 8-9.) Defendant Phillips' reply in support of the motion to dismiss reiterates the argument that Plaintiff failed to state a claim against her. (See doc. no. 80.)

      **2.    Defendant Phillips' Motion to Dismiss for Failure to State a Claim Should Be Granted**

          **a.    Legal Standard for Rule 12(b)(6) Motion**

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*); Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

---

[2] Defendant Phillips also argues Plaintiff's complaint is a shotgun pleading, she is entitled to qualified immunity, and Plaintiff is not entitled to punitive damages. (See doc. no. 58, pp. 10-14.) However, because the Court concludes Plaintiff fails to state a claim for medical deliberate indifference against Defendant Phillips, the Court does not address the motion's three additional arguments. See Section II.A.2.b *infra*.

6

The Court must also consider Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8. Id. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (citation omitted). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94. However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

      **b.**      **Plaintiff Fails to State a Medical Deliberate Indifference Claim Against Defendant Phillips**

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail

7

on any § 1983 claim). In particular, the plaintiff must first demonstrate he suffered a "objectively, sufficiently serious" deprivation. Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).

After this threshold question, the plaintiff must also demonstrate a defendant acted with "subjective recklessness as used in the criminal law" by showing a defendant was "actually, subjectively aware [her] own conduct caused a substantial risk of serious harm to the plaintiff," but even if she knew of that substantial risk, she is not liable under the Eighth Amendment "if [s]he responded reasonably to the risk." Wade, 106 F.4th at 1262 (citing Farmer, 511 U.S. at 839, 844-45). Mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).

8

Despite the complaint's ambiguities regarding Plaintiff's physical injuries, as described in the undersigned's Report and Recommendation, Plaintiff's allegations satisfy the objective component of a medical deliberate indifference claim because the aftermath of a sexual assault constitutes a serious medical need. (Doc. no. 19, p. 9 (citing Barefield v. Dunn, 688 F. Supp. 3d 1026, 1103 (2023)), *adopted by* doc. no. 46.) However, Plaintiff's claim against Defendant Phillips fails because the complaint does not describe or allege any specific facts to suggest she acted with criminal recklessness, which is a necessary showing to satisfy the subjective component of a medical deliberate indifference claim. See Wade, 106 F.4th at 1262 (citing Farmer, 511 U.S. at 839, 844-45); (see generally doc. no. 1.) Because he failed to plead this element, he fails to state a claim against her.

Here, the complaint contains no allegations about any act or omission by Defendant Phillips regarding Plaintiff's alleged denial of medical care. The only facts alleged in the complaint regarding Defendant Phillips is that she, alongside Defendant Roach, met Plaintiff and CO II Lupo upon Plaintiff's arrival to medical. (Id. at 8.) Beyond this passing reference to meeting Plaintiff when he first arrived at medical, (id.), the complaint does not describe Defendant Phillip's conduct at all, (see generally id.). Indeed, Defendant Phillips is not mentioned again in the complaint by name. (See generally id.) Although Plaintiff alleges Defendant Adams "dismissed the medical staff," which may include Defendant Phillips, after he arrived at medical, Plaintiff's complaint does not allege Defendant Phillips was one of the medical staff dismissed or otherwise involved in his denial of care. (Id. at 8-9.) Without this explicit connection, the Court cannot conclude Defendant Phillips was one of the medical staff Defendant Adams dismissed. Moreover, even if she was, being "dismissed" is too vague an allegation to establish that Defendant Phillips had the requisite subjective awareness that her

9

conduct created a substantial risk of serious harm to Plaintiff. Wade, 106 F.4th at 1262 (citing Farmer, 511 U.S. at 839, 844-45). In other words, Plaintiff still fails to show she had the requisite criminal recklessness necessary to state a claim.

In his response, Plaintiff argues Defendant Phillips was deliberately indifferent because she observed his bloody and bruised state and yet did not treat him. (Doc. no. 68, pp. 4, 8-9.) Assuming Defendant Phillips was aware from seeing Plaintiff upon his arrival to medical that he was physically injured, the complaint does not articulate how this awareness rises to the level of deliberate indifference. As Defendant Phillips notes, the complaint offers no explanation for how Defendant Phillips' observation satisfies the high standard of criminal recklessness necessary for a deliberate indifference claim. The complaint does not establish Defendant Phillips was or should have been aware of any serious medical need, like the alleged sexual assault, based on observing him. (Doc. no. 80, p. 2.) Plaintiff merely alleges he was bruised and bloodied with no description of injuries that obviously required immediate medical condition. There is no allegation, for example, that his wounds were actively bleeding or obviously needed stitches.

Nor does the complaint allege Defendant Phillips knowingly and intentionally withheld treatment. (Id. at 3.) Rather, the complaint contains vague, conclusory allegations about Defendant Phillips that fall well short of alleging she was criminally reckless. (See doc. no. 1.) Plaintiff alleges Defendant Phillips was in the process of meeting with Plaintiff when the prison warden ordered all medical staff to stop providing medical care and prevented any further treatment by ordering other prison officials to remove Plaintiff from the medical unit and place him in solitary confinement. (See id.) The cause of any withheld treatment, therefore, was the warden's actions and orders rather than criminal recklessness by Defendant

Phillips.

As it stands, Plaintiff failed to plead sufficient factual content such that the Court can reasonably infer Defendant Phillips was deliberately indifferent to Plaintiff's medical needs. See Iqbal, 556 U.S. at 678. Plaintiff's remaining arguments about Defendant Phillips fail because they do not change the fact that the complaint does not sufficiently connect her conduct to a constitutional violation. His assertions about her liability are conclusory.

Ultimately, the complaint does not describe Defendant Phillip's *conduct*, much less how her conduct constituted deliberate medical indifference. Accordingly, because Plaintiff's complaint does not allege any facts establishing the second element of a medical deliberate indifference claim, Plaintiff fails to state a claim against Defendant Phillips, and her motion to dismiss should be **GRANTED**. (Doc. no. 58.) Because the Court concludes the motion to dismiss should be granted for this reason, the Court declines to reach the merits of Defendant Phillips' remaining arguments in favor of dismissal in this motion.

### B. MOTION TO DISMISS BASED ON WELLPATH BANKRUPTCY PROCEEDINGS

Nonetheless, even if Plaintiff states a claim against Defendant Phillips, she should still be dismissed from this case because she is a former Wellpath, LLC employee, and Plaintiff did not opt out of the Third-Party Release pursuant to the Plan and Confirmation Order entered by the United States Bankruptcy Court for the Southern District of Texas.

#### 1. Defendant Phillips' Motion to Strike Plaintiff's Surreply to the Motion to Dismiss Should Be Denied

As an initial matter, Defendant Phillips moves to strike Plaintiff's "affidavit," which Defendant Phillips liberally construes as a surreply to her motion to dismiss, because it does not add any new arguments or facts, nor does it advise the Court of any new legal decisions or

11

rules. (Doc. no. 106.) Plaintiff opposes this motion by claiming Defendant Phillips has failed to "rebut" any of his points in the "affidavit," and thus the motion to strike must be denied. (Doc. no. 110.)

"In this Court, '[p]arties may file as many reply briefs as they like . . . .'" Oliver v. Cnty. of Chatham, No. CV417-101, 2018 WL 1221904, at *4 (S.D. Ga. Mar. 8, 2018) (quoting Lee-Lewis v. Kerry, 2016 WL 6647937 at * 4 (S.D. Ga. Nov. 8, 2016)), *adopted by* 2018 WL 1513345 (S.D. Ga. Mar. 27, 2018). Although Plaintiff did not file a notice of intent to file a surreply, as provided under Local Rule 7.6, "failure to satisfy the notice and timing provisions of Local Rule 7.6 cannot be used by an opposing party as a sword to have a brief stricken." Brown v. Chertoff, No. 406CV002, 2008 WL 5190638, at *1 (S.D. Ga. Dec. 10, 2008). Accordingly, the motion to strike should be **DENIED**. (Doc. no. 106.)

Nonetheless, none of the arguments presented in Plaintiff's surreply alter the Court's conclusion that Plaintiff's failure to opt out of the Third-Party Release enjoins him from pursuing claims against Defendant Phillips, and thus she must be dismissed. Nowhere in his surreply does he dispute his failure to opt out of the Third-Party Release, which is fatal for the reasons described below.

> **2. Defendant Phillips' Motion to Dismiss Based on Plaintiff's Failure to Opt-Out of the Third-Party Release Should Be Granted**

In this motion to dismiss, Defendant Phillips argues (1) she is a Released Party under the Bankruptcy Plan, (2) Plaintiff is a Releasing Party under the Bankruptcy Plan, (3) as a Releasing Party, Plaintiff received notice of the Bankruptcy Plan and failed to opt-out of the release of his claims, thus (4) the Plan enjoins Plaintiff from pursuing claims against Defendant Phillips. (See doc. no. 94.) Plaintiff does not dispute his failure to opt out of the bankruptcy

12

release but instead generally objects to "the bankruptcy issue" and argues dismissal of Defendant Phillips violates his right to trial by jury. (Doc. nos. 96, 105.) For the reasons described below, Defendant Phillips' motion should be **GRANTED**. (Doc. no. 94.)

Article IX.D of the Bankruptcy Plan provides:

> . . . each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Released Party from any and all claims, interests, damages, remedies, causes of action[] . . . whether known or unknown, foreseen or unforeseen, existing or hereinafter existing, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, asserted or assertable, direct or derivative, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Releasing Parties or their Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from…the assertion or enforcement of rights or remedies against the Debtors…or any other act or omission…or other occurrence taking place on or before the Effective Date. . . .

(Doc. no. 86-1, p. 132.)

In relevant part, the Plan defines Releasing Parties as a claim holder "that is or was an incarcerated individual that does not affirmatively elect to opt out of being a Releasing Party." (Id. at 82.) A Released Party includes each Debtor and the Related Parties of each Debtor. (Id. at 81-82.) A Related Party includes current and former employees of Wellpath. (Id. at 81.) Article IX.F provides that a failure to opt out of the Third-Party Release enjoins an individual from pursuing these claims permanently. (Id. at 134.) The Plan became effective on May 9, 2025. (Doc. no. 86-2.)

Following entry of the Confirmation Order confirming the Bankruptcy Plan on May 9, 2025, incarcerated litigants with claims against current and former Wellpath employees, defined as Released Parties under the Plan, had until July 30, 2025, to opt-out of the release of their claims. (Doc. no. 86-1, p. 52; doc. no. 86-2, p. 3.) The Bankruptcy Court noticing agent

13

served incarcerated individuals with information and instructions about the Third-Party Release and the opt-out deadline in May 2025.  See In re Wellpath Holdings, Inc., Case No. 24-90533, doc. nos. 2692, 2717 (Bankr. S.D. Tex. May 13, 2025).

Here, based on a thorough review of the Plan and Confirmation Order, as well as all arguments presented in support and opposition of Defendant Phillips' motion, the Court concludes Defendant Phillips should be dismissed because Plaintiff did not opt out of the Third-Party Release.  (See doc. nos. 86, 94, 96, 102, 105.)  First, the Third-Party Release applies to Plaintiff's claims.  Plaintiff is a Releasing Party and Defendant Phillips, a former Wellpath employee, is a Released Party as defined under the Plan.  Additionally, the Third-Party Release covers Plaintiff's claims because his complaint alleges claims concerning an August 28, 2022 incident, (doc. no. 1, p. 7), which occurred before November 11, 2024, the day the bankruptcy petition was filed, (doc. no. 86-1, pp. 78, 134; doc. no. 86-2).

Further, Plaintiff did not opt out of the Third-Party Release by the July 30, 2025 deadline. Defendant Phillips filed a notice in September 2025 informing the Court of this fact, (doc. no. 86), and the Court's independent review of the Bankruptcy Court's docket further confirms no indication that Plaintiff opted out of the Third-Party Release, see In re Wellpath Holdings, Inc., Case No. 24-90533 (Bankr. S.D. Tex. Nov. 11, 2024).[3]  Nowhere in Plaintiff's response and surreply to the motion to dismiss does he contend the Bankruptcy Court noticing agent did not serve him with the opt out paperwork.  (See doc. nos. 96, 105.)  Nor does Plaintiff claim he opted out of the Third-Party Release.  (See id.)  Rather, Plaintiff's arguments fail to substantively address Defendant Phillips' contention that the Plan and Confirmation Order

---

[3] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

14

enjoin him from pursuing his claims and instead focus on ancillary issues, like his contention that he has a right to a civil jury trial. (See id.) The closest Plaintiff comes to addressing the bankruptcy issue is in his surreply, in which Plaintiff claims he "has objected to" Defendant Phillips' argument that he failed to opt-out of the Third-Party Release. (Doc. no. 105, pp. 1-2.) Importantly, however, he never disputes his failure to opt-out but rather contends Defendant Phillips' "defense" is objectionable generally. Thus, Plaintiff's arguments in opposition are easily rejected. Accordingly, because the Third-Party Release applies to Plaintiff's claims against Defendant Phillips, and Plaintiff did not opt-out of the Third-Party Release, his claims against Defendant Phillips are subject to the release and should be dismissed.

Indeed, other district courts throughout the United States have similarly dismissed Wellpath employees for this same reason. See, e.g., Washington v. Al Cannon Det. Ctr., No. 4:24-CV-03791, 2025 WL 3484900, at *2-3 (D.S.C. Dec. 3, 2025) (dismissing Wellpath nurse practitioner defendant because Plaintiff did not opt out of the Third-Party Release); Sutton v. Kelly, No. CV 24-171-M-DLC, 2025 WL 2463824, at *1-2 (D. Mont. Aug. 27, 2025) (closing case against Wellpath nurse defendants because plaintiff "did not timely opt out of the third-party releases contained in the Plan"); McLemore v. Cnty. of Mahoning, No. 4:23-CV-1144, 2025 WL 3525316, at *3 (N.D. Ohio Dec. 9, 2025) (dismissing claims against Wellpath nurse defendants by reasoning "the bankruptcy confirmation plan includes a release that extinguishes claims against non-debtors (like the Nurses) unless a creditor (like [plaintiff]) opts out"); Parker v. Gugino, No. 1:23-CV-01874, 2025 WL 3264103, at *2 (S.D. Ind. Nov. 21, 2025) (dismissing Wellpath employee "because the record from the Bankruptcy Court confirms that claims against Wellpath and its employees . . that occurred before the bankruptcy petition had

15

been discharged"); Mosqueda v. Hash, No. CV 24-48-M-DWM, 2025 WL 2463121, at *6-7 (D. Mont. Aug. 27, 2025) (dismissing Wellpath employee defendants because Plaintiff did not opt out of the Third-Party Release under the Plan).

For these reasons, even if Plaintiff states a claim against Defendant Phillips, she should still be dismissed from the above-captioned case. Therefore, Defendant Phillips' motion to dismiss based on the Wellpath bankruptcy proceedings should be **GRANTED** in the alternative. (Doc. no. 94.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for entry of default be **DENIED**, (doc. no. 65), Defendant Phillips' motion to strike be **DENIED**, (doc. no. 106), Defendant Phillip's motion to dismiss for failure to state a claim be **GRANTED**, (doc. no. 58), and in the alternative, her motion to dismiss based on the Wellpath bankruptcy proceedings be **GRANTED**, (doc. no. 94). Accordingly, the Court **REPORTS** and **RECOMMENDS** Defendant Kimberly Phillips Addis be **DISMISSED** from this civil action. Should the presiding District Judge adopt this Report and Recommendation, this case shall proceed only as to Plaintiff's medical deliberate indifference claims against Defendants Adams and Roach.

Finally, should Plaintiff wish to protest the scope of the Third-Party Release, he may raise this challenge in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Clerk of Court, P.O. Box 61010, Houston, TX 77208.

SO REPORTED and RECOMMENDED this 21st day of January, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

16